■ WILLIAM LUGO, Plaintiff, v PURPLE & WHITE MARKETS, INC., Doing Business as ASSOCIATED SUPERMARKET, Defendant, and WHITE ROSE, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. FICA TRANSPORTATION, INC., Third-Party Defendant-Respondent. [918 NYS2d 453]—

The motion court properly denied White Rose's motion for a default judgment against FICA and compelled acceptance of FICA's answer. White Rose's attempt to serve FICA pursuant to CPLR 3215 (g) (4) (i) was plainly inadequate, as it was not sent to FICA's last known address.

The motion court also properly dismissed the breach of contract cause of action, brought by White Rose Foods, Inc., for FICA's failure to obtain insurance coverage. The 2001 agreement, which provided the only basis for a relationship between White Rose Foods and FICA, contained an express provision barring any civil actions brought more than two years after the occurrence giving rise to the claim. Here, the evidence of insurance coverage was to have been provided to White Rose Foods on or about December 19, 2001, making December 2003 the latest this claim for breach could have been brought. Thus, the breach of contract claim is untimely.

We have considered White Rose's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.